BATEMAN, Respondent, v. STRAUS, Appellant. (Supreme Court, Appellate Division, Second Department. January 9, 1903.) Action by Harry O. Bateman against Mark J. Straus and another. From an order denying a motion to strike out portions of the complaint, and to make the complaint more definite and certain, defendant Straus appeals. Reversed. Benjamin Tuska, for appellant. Charles S. Simpkins, for respondent.

HIRSCHBERG, J. The appeal does not bring up the merits of the motion for review. In denying the appellant's motion to require the plaintiff to make the complaint more definite and certain, and to strike out certain portions of the pleading, the learned justice at special term wrote the following opinion: "When in the same volume it is decided (correctly, no doubt) that the allegations in an answer inconsistent with the allegations of the complaint cannot be taken in lieu of a formal denial, and do not amount to a denial (170 N. Y. 167), and that such inconsistent allegations are a denial, and must be taken as such (171 N. Y. 481), it is pretty hard, if not impossible, for a judge to know what to rule about pleadings. In that view, the motion is denied." The inconsistencies alleged do not appear on the face of the opinion to be contained in the same volume, but this may very well arise

from a misprint in the papers on appeal. That fact, however, cannot be, and cannot have been, regarded as material. The assumed inconsistencies do not appear to relate in any manner to the questions presented herein at the special term, and could not afford, even if they exist, a legitimate ground for the denial of the motion. Neither is the fact that it is hard for a judge to know what to rule about pleadings a sufficient ground for such denial. It cannot be impossible to know, and, in any event, our judicial system affords means for the correction of occasional error. A litigant is entitled to have a motion which is made in good faith entertained and determined upon the merits, and generally at the special term in the first instance. The order should be reversed, and the motion remitted to the special term for hearing and determination on the merits.